UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA } | |
| } | |
| v.                          } | Case No.:  2:12-CR-00432-RDP-HNJ |
| EDWARD DANIEL RUSSAW,       } | |
| Defendant.                  } | |

## MEMORANDUM OPINION

This matter is before the court on Defendant's Motion to Reopen 18 U.S.C. § 3582(c)(2) (Doc. # 28) and Motion to Modify/Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act (Doc. # 32). The Motions have been fully briefed (Docs. # 28, 32, 42, 43) and are ripe for review. After careful review, and for the reasons discussed below, both of Defendant's Motions are due to be denied.

### I.     Factual Background

On November 25, 2012, Defendant pled guilty to three counts: (1) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (2) carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. # 9 at 2). The factual basis for his plea was included in his plea agreement and reads as follows:

> On May 13, 2011, officers from the Birmingham Police Department were conducting a safety checkpoint at the intersection of 68th Street South and 2nd Avenue South. One of the officers manning the checkpoint, Sergeant John Callahan, saw a grey Honda Accord turn into an alley in an attempt to avoid the checkpoint. In response, Sergeant Callahan got into his patrol vehicle and left the

checkpoint to stop the car. As Callahan pulled up behind the Accord, he saw it swerve several times, nearly striking the curb and parked vehicles.

As Callahan neared the 7100 block of 1st Avenue South, he activated his blue lights. The driver of the Accord did not stop. Four blocks later, Callahan activated his siren. Hearing the siren, the driver of the Accord immediately accelerated, running through a stop sign near the intersection of 76th Street South and 1st Avenue South. The driver continued to flee along 1st Avenue South, but as he ran the red light at the intersection with Oporto Madrid, he lost control of his vehicle and struck a tree.

Sergeant Callahan approached the wrecked vehicle and saw that the driver, later identified as Edward Daniel Russaw, appeared to have been knocked unconscious. A front seat female passenger, identified as Mary Helen Gorman, was also unresponsive. The occupants had evidently been drinking, as Gorman had a bottle of Wild Irish Rose in her lap, another bottle was in the driver's floorboard area, and Natural Light beer was sitting in the center console. Emergency crews responded to the scene and were forced to cut the occupants out of the vehicle.

When Russaw was removed from the vehicle, Callahan spotted a large bag of narcotics laying along the left side of the driver's seat. It contained approximately 2.1 grams of cocaine and 3.7 grams of crack cocaine packaged into twenty individual bags. Meanwhile, Officer Townes had arrived to assist Callahan and was accompanying Russaw in an ambulance as he was being taken to UAB Hospital for treatment. While treating Russaw, medical staff cut off some of his clothing, exposing a CDM .22 caliber revolver in his back pocket, along with a crack pipe and a Xanax in his front pocket. Russaw was arrested and charged with Unlawful Possession of a Controlled Substance, Unlawful Possession of Drug Paraphernalia, and Violation of the State Firearms Act.

At the time of his arrest, the defendant had previously been convicted of two counts of the felony offense of Sale of Cocaine, on November 15, 1996, in the Circuit Court of Tallapoosa County, Alabama, in case numbers CC-1996-0162 and CC-1996-0163.

The firearm was test-fired and found to function as designed. The firearm was manufactured outside of the State of Alabama and therefore had traveled in interstate commerce. The firearm did not have an obliterated serial number, and it had not been reported stolen.

(Doc. # 9 at 2-5). On February 28, 2013, Defendant was sentenced to 132 months imprisonment—72 months as to Count One and Count Three (to be served separately and concurrently), and 60 months (to be served consecutive to the other sentences) as to Count Two. (Doc. # 15).

**II.     Defendant's Motion to Reopen 18 U.S.C. § 3582(c)(2)**

On November 17, 2014, Defendant filed a motion pursuant to 18 U.S.C. § 3582 on the Retroactivity of the Two-Level Reduction on all Drugs Across the Board. (Doc. # 19). On November 16, 2015 the court denied that motion. (Doc. # 23). On August 29, 2016, Defendant filed the present motion, requesting that the court toll the filing period and reopen his November 17, 2014 motion because his counsel rendered ineffective assistance by not appealing the court's order denying that motion. (Doc. # 28 at 1). Defendant's Motion (Doc. # 28) is due to be denied for two reasons: (1) Section 3582 is not the appropriate vehicle to assert an ineffective assistance of counsel claim; and (2) his motion is untimely.

**A.     Ineffective Assistance of Counsel**

Section 3582(c)(2):

> creates a narrow exception to the general rule of finality in sentencing determinations, granting the district court discretion to reduce a sentence where the defendant's term of imprisonment was based on a guideline range "that has subsequently been lowered by the Sentencing Commission" and where such a reduction is consistent with applicable policy statements of the Sentencing Guidelines.

*United States v. Fernandez-Arellano*, 522 F. App'x 740, 742 (11th Cir. 2013). Importantly, "Section 3582(c) does not grant the district court jurisdiction to consider extraneous resentencing issues, such as a challenge to the constitutionality of a sentence, which a claimant must instead present as a collateral attack on his sentence pursuant to § 2255." *Id.* (citing *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000)). Here, Defendant's ineffective assistance claim is a constitutional challenge, which properly falls under the purview of Section 2255, not Section 3582. *See United States v. Howard*, 372 F. App'x 978, 980 (11th Cir. 2010).

3

Of course, under some circumstances, the court may simply construe a filing like this as a motion pursuant to Section 2255. But, that is not the case here. Defendant filed his first Section 2255 motion on February 26, 2016, and there is no indication that he has received certification from the Eleventh Circuit to file a second or successive Section 2255 motion. *See* 28 U.S.C. § 2244. So, in this instance, the court cannot grant relief to Defendant under Section 2255, because it lacks jurisdiction to do so.

Further, even if Section 3582 were a proper vehicle for Defendant's ineffective assistance claim (and, to be clear, it is not), it would still fail. Defendant failed to exercise due diligence in presenting this matter to the court. He has provided no details regarding his attempts to communicate with counsel or how many times he tried to contact counsel regarding the appeal. Additionally, he never asked the court whether a notice of appeal had been filed, even though he sent letters and motions to the court concerning other matters. (*See generally* Criminal Docket). And finally, he has not informed the court when he discovered that his counsel had not filed a notice of appeal. *See Badillo v. United States*, 2013 WL 2297172, at *3 (M.D. Ala. May 24, 2013) (relying on this omission as a factor weighing against a petitioner's claim that he acted with due diligence).

Consequently, Defendant's Motion (Doc. # 28) is due to be denied for these reasons. In addition, Defendant's Motion is due to be denied because it is untimely.

**B.     Untimeliness**

"To be timely, a defendant's notice of appeal in a criminal case must be filed in the district court no later than fourteen days after the challenged order is entered." *United States v. Blaine*, 409 F. App'x 253, 256 (11th Cir. 2010); Fed. R. App. P. 4(1)(A). But, a district court may, upon a showing of good cause or excusable neglect, "extend the time to file a notice of appeal for a

period not to exceed 30 days from the expiration of the time otherwise prescribed by [the] rule." Fed. R. App. P. 4(b)(4). Here, whether the court construes Defendant's Motion to Reopen as a motion to appeal or a motion for extension of time to file an appeal is immaterial. Under either construction, Defendant's Motion is untimely.

On November 16, 2015, the court denied Defendant's first Section 3582 Motion. (Doc. # 23). If Defendant's Motion to Reopen is construed as a motion to appeal that decision, Defendant would have been required to file it on or before November 30, 2015 in order for it to be timely. If Defendant's Motion to Reopen is construed as a motion for extension of time to file an appeal, the longest extension the court could have granted would have been until December 30, 2015. Defendant did not file his Motion to Reopen (Doc. # 28) until August 29, 2016—well after either deadline. *See United States v. Lopez*, 562 F.3d 1309, 1314 (11th Cir. 2009) (concluding that the district court did not have authority to grant extension beyond the 30 days even if it found excusable neglect or good cause); *Greenlaw v. United States*, 554 U.S. 237, 252 (2008) (noting that Federal Rule of Appellate Procedure 26(b)(1) bars any extension beyond the 30-day period in Rule 4(b)(4)).

But, even if the court were to liberally construe Defendant's Motion, the earliest Defendant could claim he notified the court of his intent to file a notice of appeal is February 26, 2016—when he filed a Motion for Reinstatement of Appeal Right. (Doc. # 25). However, not only is this still untimely, that motion was filed pursuant to 28 U.S.C. § 2255 (Doc. # 25), and it failed to specify that Defendant sought to appeal the court's order denying his Section 3582 Motion (Doc. # 23).

Consequently, Defendant's Motion to Reopen 18 U.S.C. § 3582(c)(2) (Doc. # 28) is due to be denied.

### III.   Defendant's Motion to Modify/Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act

On July 9, 2019, Defendant filed a Motion to Modify/Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act. (Doc. # 32). Specifically, Defendant contends that: (1) he qualifies for a sentence reduction pursuant to the Fair Sentencing Act of 2010 and the First Step Act of 2018; (2) he should have been sentenced under Section 841(b)(1)(C); and (3) his sentence under Section 924(c)(1)(A) should be vacated. (Doc. # 32 at 2-4). For the reasons discussed below, all of Defendant's arguments are without merit.

#### A.   The Fair Sentencing Act and the First Step Act

"The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) … to reduce the sentencing disparity between crack and powder cocaine." *United States v. Harris*, -- F. App'x --, 2020 WL 1158671, at *1 (11th Cir. 2020); *see* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, § 2(a)). In 2018, Congress enacted the First Step Act. Section 404 of the First Step Act "makes retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. *Harris*, 2020 WL 1158681, at *2 (citing First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 404).

Importantly, Defendant was sentenced under, among other statutes, 18 U.S.C. § 841(b)(1) on February 28, 2013—a date that was approximately two and a half years after the Fair Sentencing Act was enacted. Therefore, his sentence would have indubitably accounted for the sentence reduction made applicable by the Fair Sentencing Act. However, Defendant's sentence was not affected by the Fair Sentencing Act because the amount of powder cocaine and crack cocaine he was charged with was not enough to trigger a mandatory minimum sentence. To be sure, Defendant was charged with possession of 1.86 grams of powder cocaine and 2.09 grams of crack cocaine. Those weights, individually or combined, did not subject him to any mandatory minimum

6

sentence.

Consequently, to the extent Defendant's Motion (Doc. # 32) seeks relief pursuant to the Fair Sentencing Act and the First Step Act, it is due to be denied.

### B. Defendant's Sentence Was Rendered Pursuant to Section 841(c)(1)(A)

In his Motion, Defendant seeks to have his sentence modified so that it falls under the purview of § 841(b)(1)(C), which does not contain mandatory minimum sentences applicable to Defendant or any distinction between sentences for powder cocaine and crack cocaine. (Doc. 32 at 3). However, as noted above, the amount of powder cocaine and crack cocaine Defendant was charged with did not trigger any mandatory minimum sentence. Further, it is abundantly clear that Defendant was, in fact, charged, convicted, and sentenced under Section 841(b)(1)(C). (Docs. # 1, 9, 13, 15). The court sentenced Defendant to 72 months under Section 841(b)(1)(C) and Section 922(g)(1), which was a downward variance of 20 months from the guidelines' low end of 92 months.

Therefore, Defendant's sentence was not affected, in any manner, by a mandatory minimum sentence.

### C. Defendant's Conviction Under Section 924(c)(1)(A)

Finally, in his Motion Defendant challenges the constitutionality of his conviction under Section 924(c)(1)(A). But, the current motion is not the appropriate vehicle for such an attack; instead, this challenge would be properly advanced in a Section 2255 motion seeking to vacate, correct, or modify his sentence. As already noted, Defendant has already filed a Section 2255 motion (with accompanying addendums). On February 26, 2016, Defendant filed his initial Section 2255 motion alleging ineffective assistance of counsel. (Doc. # 1 in Case No. 2:16-cv-8146-RDP). On August 31, 2016, Defendant filed an addendum to his Section 2255 motion, alleging additional

claims of ineffective assistance of counsel and asserting that his Section 924(c) conviction should be vacated because the statute's definition of a "crime of violence" is unconstitutionally vague in light of the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docs. # 2 & 3 in Case No. 2:16-cv-8146-RDP). On May 23, 2018, the court denied Defendant's Section 2255 Motion (and accompanying addendums), concluding that the claims were time-barred, and that his *Johnson* claim is without merit. (Doc. # 24 in Case No. 2:16-cv-8146-RDP).

Defendant cannot assert this claim. Not only is he using an improper vehicle, but again, even if the court were to construe his filing as a Section 2255 motion, it would be second or successive. Section 2244 mandates that in order to file a second or successive Section 2255 motion, a defendant must obtain certification from the Eleventh Circuit.  28 U.S.C. § 2244. There is no indication in the record before the court that Defendant has received such certification. On the contrary, the Eleventh Circuit denied Petitioner's Application for Leave to File a Second or Successive Section 2255 Motion. (Doc. # 31). Therefore, to the extent his motion seeks to attack his conviction under Section 924(c)(1)(A), it is due to be denied.

**IV.    Conclusion**

For the reasons stated herein, Defendant's Motion to Reopen 18 U.S.C. § 3582(c)(2) (Doc. # 28) and Motion to Modify/Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(B) and the First Step Act (Doc. # 32) are due to be denied. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this July 21, 2020.

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE